BOWLES, Administrator, Office of Price Administration,
v. JEFFERSON.
No. A-3691.

District Court of Alaska. Third Division. Anchorage.
Jan. 16, 1945.

Cir., 5 F.2d 966; Rasmussen v. United States, 9 Cir., 8 F.2d 948, 950; Alvarado v. United States, 9 Cir., 9 F.2d 385, 386; Goldstein v. United States, 9 Cir., 73 F.2d 804, 806; Lonergan v. United States, supra.

Dorothy D. Tyner, of Anchorage, Alaska, for plaintiff.

Will Key Jefferson, of Anchorage, Alaska, in pro. per.

DIMOND, District Judge.

This is an action brought under the provisions of Sec. 205 (a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix § 925(a). That section is as follows: "Sec. 205(a) Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

On January 11th the plaintiff filed herein his complaint asking for temporary and permanent injunctions against the defendant in connection with the operation by the defendant of an apartment house building known as the Dee-

leventh Apartments, situated at Eleventh and D Streets in the City of Anchorage, Alaska. With the complaint was filed the affidavit of Mildred K. Romig, former field manager for the Office of Price Administration at Anchorage, Alaska, and an order to show cause was requested to restrain the defendant from carrying out alleged threats to evict the tenants of said apartment and to compel compliance with the requirements of applicable law until trial of the action. An order to show cause was accordingly issued on January 11, 1945, and was served upon the defendant. On the return day, January 15, 1945, the defendant appeared in person and upon his motion the hearing was continued until January 16, 1945.

■■ At the hearing on January 16, 1945, plaintiff was represented by his counsel, Dorothy D. Tyner, and the defendant appeared in his own proper person but was not represented by counsel. Counsel for the plaintiff offered argument in support of the motion for injunction pendente lite, upon the complaint and the Romig affidavit, no counter showing having then been made. Thereupon the defendant, in propria persona, offered argument and, in the course of such argument, presented and filed an affidavit denying certain of the allegations of the Romig affidavit.

However, the defendant did not deny, in his affidavit or otherwise, the allegations of the plaintiff's verified complaint which had been made a part of the Romig affidavit by reference, wherein are alleged a series of acts claimed to be in violation of the law and regulations with relation to rentals of buildings or space therein. While nothing is satisfactorily proved by an affidavit which is controverted explicitly and in detail by a counter affidavit, the defendant has nowhere denied the averments set forth in the complaint, and by reference in the Romig affidavit, of a series of alleged unlawful acts with relation to the subject of the suit. The commission of those as yet undenied acts may form a just basis for the apprehension and opinion expressed both in the complaint and in the Romig affidavit, that unless restrained, the defend-

ant will engage in the further unlawful acts forecast in the complaint and affidavit, and also adequate grounds for temporary injunctive relief.

The defendant has cited an abundance of judicial opinion with relation to the granting of injunctions generally, but, as pointed out by the counsel for plaintiff, this is a statutory action in which injunctive relief is expressly provided by an act of Congress, relief that probably never would have been made available, or even thought of, except for the extraordinary emergency brought on by the war.

The injunction pendente lite will be granted. Counsel for plaintiff may prepare an appropriate order, serve a copy of the same upon the defendant and present it to the court, upon notice, for consideration.